THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Douglas Lamar Williams, Appellant.
 
 
 

Appeal From Spartanburg County
 Ralph F. Cothran, Jr., Circuit Court
 Judge
Unpublished Opinion No.   2010-UP-498
Submitted November 1,2010  Filed November
 8, 2010
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Christina Catoe, of Columbia; and Solicitor
 Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Douglas Lamar Williams appeals his
 forgery conviction, arguing the trial court erred in admitting testimony
 identifying him as the individual who presented a forged check.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v.
 Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) (holding the
 admissibility of evidence is within the trial court's discretion and will not
 be disturbed on appeal absent an abuse of discretion, and noting an abuse of
 discretion occurs when the trial court's ruling lacks evidentiary support or is
 controlled by an error of law); State v. Moore, 343 S.C. 282, 286, 540
 S.E.2d 445, 447 (2000) ("An in-court identification of an accused is
 inadmissible if a suggestive out-of-court identification procedure created a
 very substantial likelihood of irreparable misidentification."); Id. (holding
 the trial court need only consider the second prong if the identification
 process was suggestive); State v. Turner, 373 S.C. 121, 127, 644
 S.E.2d 693, 696 (2007)  (stating even assuming an identification procedure
 was suggestive, the identification need not be excluded if under all of the
 circumstances it was nevertheless reliable); Moore, 343 S.C. at 287, 540
 S.E.2d at 447 (stating a two-step procedure is followed when evaluating an
 out-of-court identification:  (1) whether the identification process unduly
 suggestive; and (2) if so, "whether the out-of-court identification was
 nevertheless so reliable that no substantial likelihood of misidentification
 existed" (internal quotation marks omitted)).
AFFIRMED.
HUFF,
 KONDUROS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.